**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Lawrence Robinson**<br><br>　　　　　**Petitioner,**<br><br>　**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>　　　　**Respondent.** | **1:02-CV-05814 OWW**<br>**1:97-CR-05129 OWW**<br><br>**MEMORANDUM AND ORDER RE:**<br>**PETITION TO VACATE AND SET**<br>**ASIDE CONVICTION AND SENTENCE**<br>**PURSUANT TO 28 U.S.C. § 2255** |

**I.  INTRODUCTION**

Lawrence Robinson ("Petitioner"), a federal prisoner proceeding pro se, petitions this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Petitioner contends that he suffered from (i) prosecutorial misconduct during grand jury proceedings because the government solicited misleading and false testimony and (ii) ineffective assistance of counsel during pre-trial, trial, and appellate proceedings because counsel failed to "take appropriate steps necessary in objecting and filing suppression motions to preserve Petitioner's constitutional right to challenge federal jurisdiction under the Hobbs Act."  (Doc. 326, filed July 8, 2002 at 3, 6.)  The United States opposes this petition.  (Doc. 328, filed Aug. 8, 2002.)

1

1

## II. **BACKGROUND**

2      Petitioner was charged by indictment with various crimes

3  stemming from two robberies.  In connection with the first

4  robbery of a residence on November 21, 1996, Petitioner was

5  charged with theft of a firearm and aiding and abetting (Count 3,

6  18 U.S.C. §§ 924(1) and (2)); and carrying a firearm during a

7  crime of violence (Count 4, 18 U.S.C. § 924(c)(1)).  (Doc. 1,

8  Indictment, filed May 22, 1997 at 1-3.)  In connection with the

9  second robbery of an electronics store, Videotronics, on May 1,

10 1996, Petitioner was charged with interference with commerce by

11 robbery and aiding and abetting (Count 5, 18 U.S.C. §§ 1951(a)

12 and (2)); carrying a firearm during a crime of violence (Count 6,

13 18 U.S.C § 924(c)(1)); and death caused by use of a firearm

14 during a crime of violence and aiding and abetting (Count 7, 18

15 U.S.C. §§ 924(j)(1) and (2).  (*Id.* at 4-5.)

16     A jury convicted Petitioner on all but one of the charges.

17 For his role in the residential robbery, Petitioner was convicted

18 on the theft of a firearm charge, but acquitted on the charge of

19 carrying a firearm during a crime of violence.  (Doc. 160,

20 Verdict, filed Feb.4, 1999.)  The same jury convicted Petitioner

21 on all counts related to the electronics store robbery.  (*Id.*)

22 Robinson was sentenced to life imprisonment plus a term of four

23 hundred and twenty (420) months.  (Doc. 200, filed May 3, 1999.)

24     Petitioner timely appealed his conviction and sentence to

25 Ninth Circuit.  (Doc. 201, Notice of Appeal, filed May 6, 1999.)

26 Citing a lack of evidence against Defendant with respect to the

27 residential robbery, the Ninth Circuit reversed the theft of a

28 firearm, vacated his sentence, and remanded to the district court

**2**

1    for resentencing.  (Doc. 294, filed June 7, 2000.)  On May 17,

2    2000, the Ninth Circuit denied Petitioner's request for rehearing

3    en banc.  *United States v. Robinson*, 221 F.3d 1349 (9th Cir.

4    2000).  On remand, Petitioner's sentence was reduced to life

5    imprisonment plus a term of three hundred (300) months.  (Doc.

6    302, filed Oct. 23, 2000.)  The sentence was affirmed by the

7    Ninth Circuit on July 20, 2001.  (Doc. 319.)  Petitioner's

8    petition for writ of certiorari was denied on October 2, 2000.

9    *Robinson v. United States*, 531 U.S. 911 (2000).

10       On October 22, 2001, Petitioner was granted a six month

11   extension to file a motion to vacate or set aside his conviction

12   or sentence under 28 U.S.C. § 2255.  (Doc. 320.)  Petitioner

13   filed his motion on July 18, 2002, alleging that he suffered as a

14   result of ineffective assistance of counsel and prosecutorial

15   misconduct.  (Doc. 326, filed July 18 2002.)  The government

16   filed a response.  (Doc. 328, filed August 8, 2002.)

17

18                        **IV. <u>DISCUSSION</u>**

19       A habeas petitioner in federal custody may file a motion "at

20   any time" to "vacate, set aside or correct a [federal] sentence"

21   upon the ground:

22              that the sentence was impose in violation of the
                Constitution or laws of the United States, or that the
23              court was without jurisdiction to impose such sentence,
                or that the sentence was in excess of the maximum
24              authorized by law, or is otherwise subject to
                collateral attack...
25

26   28 U.S.C. § 2255.

27

28

**A.    <u>Statute of Limitations</u>**.

"Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to advance the finality of criminal convictions." *Mayle v. Felix*, 125 S. Ct. 2562, 2573 (2005). Towards that end, it adopted a one-year limitation period running from the latest of:

> (1)   The date on which the judgment of conviction becomes final;
>
> (2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitutions or laws of the United States is removed, if the [petitioner] was prevented from making a motion by such governmental action;
>
> (3)   The date on which the right asserted was initially recognized the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner does not assert (i) that government action prevented him from making the motion; (ii) that there is an applicable newly recognized right by the Supreme Court; or (iii) that the facts supporting the motion was discovered after "the date on which the judgment of conviction [became] final."

Petitioner's conviction became final on October 2, 2000, when the United States Supreme Court denied his petition for a writ of certiorari.  Although the limitations period was initially set to expire on October 2, 2001 pursuant to AEDPA, the district court extended Petitioner's time to April 23, 2002. (Doc. 320, filed Oct. 22, 2001.)  Despite the extension,

**4**

Petitioner failed to meet the scheduled deadline, filing his petition on July 8, 2002.  As a result, the petition for a writ of habeas corpus is untimely and must be dismissed.

## V. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is **DISMISSED** as untimely.

**SO ORDERED**

Dated: 9/2/06                              /s/ Oliver W. Wanger

_____
                              **Oliver W. Wanger**
                         **UNITED STATES DISTRICT JUDGE**

5